IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JONATHAN VILLEGAS-ESCOBAR, | CIV. NO. 22-00500 JMS-KJM |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | UNDER 28 U.S.C. § 2241, ECF NO. 1, FOR FAILURE TO EXHAUST |
| ESTELLA DERR, WARDEN | |
| Respondent. | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241, ECF NO. 1, FOR FAILURE TO EXHAUST**

## I. **INTRODUCTION**

Petitioner Jonathan Villegas-Escobar ("Villegas-Escobar") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, ECF No. 1 ("§ 2241 Petition"), alleging the Federal Bureau of Prisons ("BOP") failed to award him time credits to which he is entitled under the First Step Act ("FSA"). Respondent Estella Derr ("Derr"), the warden at the Honolulu Federal Detention Center ("FDC Honolulu"), argues that the § 2241 Petition should be dismissed because Villegas-Escobar failed to exhaust his administrative remedies. The court agrees with Derr, and thus DENIES the § 2241 Petition without prejudice to refiling after exhausting appropriate administrative remedies.

## II.  BACKGROUND

On March 6, 2017, Villegas-Escobar pled guilty pursuant to a plea agreement in the United States District Court for the Western District of Missouri. *See United States v. Villegas-Escobar*, Crim. No. 15-00387-GAF-1 (S.D. Mo.), ECF Nos. 65, 66.  On December 12, 2017, he was sentenced by that court to 211 months (17 years) imprisonment for: (1) conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); (2) possession of a machine gun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2); and (3) knowingly carrying and using a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A).  *Id.*, ECF No. 116.

Defendant, now 31-years old, is located at FDC Honolulu with a projected release date of January 27, 2031.  *See* https://www.bop.gov/ inmateloc/ (entering BOP Register Number 29856-045) (last visited February 14, 2023).  In his November 23, 2022 § 2241 Petition,[1] Villegas-Escobar claims that the BOP incorrectly deemed him ineligible for FSA time credits based on the nature of his offense of conviction.  ECF No. 1 at PageID.2.  Specifically, he

---

[1]  The Petition is deemed filed on the date Villegas-Escobar gave it to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (explaining prison mailbox rule); *Douglas v. Noelle*, 567 F.3d 1103, 1108–09 (9th Cir. 2009).  Here, the court assumes that Villegas-Escobar gave his Petition to prison officials for mailing on November 23, 2022, as indicated on the Petition's mailing envelope. *See* ECF No. 1-1 at PageID.43.

claims that pursuant to *United States v. Davis*, 139 S. Ct. 2319 (2019), his § 924(c) charge is unconstitutionally vague. *Id.* at PageID.5. As a result, the § 924(c) charge should now be deemed "non-violent" and Villegas-Escobar is eligible for FSA Time Credits. *Id.* He seeks a court order requiring the BOP to apply the First Step Act retroactively from December 21, 2018,[2] and award a minimum of 470 Time Credits. *Id.* at PageID.11. In a response filed on January 23, 2023, Derr asserts that Villegas-Escobar has not exhausted his BOP administrative remedies. ECF No. 8. Villegas-Escobar filed a reply on January 30, 2023, noting that the Western Regional Office had not processed his appeal, and claimed that exhaustion is not required where administrative remedies are "inadequate, inefficacious, or futile, where pursuit of them would irreparably injure the plaintiff . . . , or where the administrative proceedings themselves are void." ECF No. 9 at PageID.102.

On February 1, 2023, Derr filed a motion to file a surreply to provide an update as to the status of Villegas-Escobar's requests in the BOP, ECF No. 10, which the court authorized, ECF No. 11. On February 8, 2023, Villegas-Escobar filed an opposition to Derr's motion to file a surreply, ECF No. 12, and a reply in opposition to Derr's surreply, ECF No. 13, repeating his claim that administrative

---

[2] The First Step Act was signed into law on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018).

exhaustion is not required.  Pursuant to Local Rule 7.1(d), the court elects to decide Villegas-Escobar's § 2241 Petition without a hearing.

### III.  DISCUSSION

Under the FSA, eligible inmates determined to have a low risk of recidivism may receive time credits for participating in "evidence-based recidivism reduction programming or productive activities."  *See* 18 U.S.C. §§ 3632(d)(4)(A), 3632(d)(5).  The Ninth Circuit explained how the First Step Act implemented the good time credit provision:

> First, paragraph 102(b)(1) amends § 3624(b)—the good time credit provision—to require the BOP to permit up to 54 days per year.  § 102(b), 132 Stat. at 5210.  Second, paragraph 102(b)(1) amends § 3624 by adding subsection (g), which is relevant to the Act's creation of an earned time credit system.[3]  *Id.* at 5210–13.  The Act requires that, within 210 days of its enactment, the Attorney General establish a "risk and needs assessment system" to, broadly speaking, review each prisoner's recidivism risk level, award earned time credit as an incentive for participation in recidivism reduction programming, and "determine when a prisoner is ready to transfer into prerelease custody or supervised release in accordance with section 3624."  § 101(a), 132 Stat. at 5196–97.  Section 3624(g) details the criteria for when a prisoner becomes eligible, considering earned time credit, for transfer to prerelease custody or supervised release.  § 102(b), 132 Stat. at 5210–13.

---

[3] "In contrast to good time credit, earned time credit is awarded for 'successfully complet[ing] evidence-based recidivism reduction programming or productive activities.' § 101(a), 132 Stat. at 5198."  *Botinelli v. Salazar*, 929 F.3d at 1197 n.1 (9th Cir. 2019).

*Bottinelli v. Salazar*, 929 F.3d 1196, 1197–98 (9th Cir. 2019).  Section 3632 also provides that certain prisoners are ineligible to receive time credits, such as those who are "subject to a final order of removal under any provision of the immigration laws," 18 U.S.C. § 3632(d)(4)(E)(i), and those who have been convicted of certain enumerated offenses, 18 U.S.C. § 3632(d)(4)(D) (listing 49 offenses).

"In order to seek habeas relief under section 2241 . . . a petitioner must first, 'as a prudential matter,' exhaust his or her available administrative remedies."  *Singh v. Napolitano*, 649 F.3d 899, 900 (9th Cir. 2010).  Requiring a petitioner to exhaust his administrative remedies aids judicial review "by allowing the appropriate development of a factual record in an expert forum; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings."  *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983).

The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement.  *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds*, *Reno v. Koray*, 515 U.S. 50, 54-55 (1995).  Thus, "because exhaustion is not required by statute, it is not jurisdictional."  *Id*.

(citations omitted).  If a petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."  *Id*.

Exhaustion may be excused if the administrative remedy is inadequate, ineffective, or if attempting to exhaust would be futile or would cause irreparable injury.  *Laing v. Ashcroft*, 370 F.3d 994, 1000–01 (9th Cir. 2004); *see also Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993).  Prudential considerations weighing in favor of requiring exhaustion include whether:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision, (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme, and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 8881 (9th Cir. 2003) (citing *Montes v. Thornburgh*, 919 F.2d 531, 537 (9th Cir. 1990)).

The BOP maintains an Administrative Remedy Program through which a prisoner may seek an administrative remedy.  The initial step is a request for informal resolution through "Form BP-8."  28 C.F.R. § 542.13(a); ECF No. 8-1 at PageID.89.  When informal resolution procedures fail to achieve sufficient

results, the BOP makes available to inmates a formal, three-level process: (1) a

Request for Administrative Remedy ("Form BP-9") filed at the institution where

the inmate is incarcerated, 28 C.F.R. § 542.14; (2) a Regional Administrative

Remedy Appeal ("Form BP-10") filed at the Regional Office for the geographic

region in which the inmate's institution is located, 28 C.F.R. § 542.15; and (3) a

Central Office Administrative Remedy Appeal ("Form BP-11") filed with the

Office of General Counsel.  ECF No. 8-1 at PageID.89.

Here, on June 14, 2022, Villegas-Escobar submitted a Form BP-8

informal administrative remedy request to his Unit Team to update his FSA

eligibility determination.  ECF No. 10-2 at PageID.129–30.  On June 22, 2022, the

Unit Manager denied his request, *id.*, stating: "U.S. v/s Davis applied primarily to

how sentencing guidelines were applied in respect to [18 U.S.C. § 924(c)].  there

[sic] has been no guidance in reference to FSA Credit at this time so 924(c) is still

considered a disqualifying offense."  ECF No. 1 at PageID.5.

On July 12, 2022, Villegas-Escobar submitted a Form BP-9 formal

administrative remedy request to Derr with the same request.  ECF No. 10-2 at

PageID.130; *see also* ECF No. 10-3.  Derr denied the request on July 20, 2022.

ECF No. 10-2 at PageID.130.  Derr explained in her denial that while Villegas-

Escobar's assertions as to his § 924(c) charge have merit, "[s]ubject to a final order

of removal under immigration laws . . . the Bureau may not apply FSA Time

Credits toward prerelease custody or early transfer to supervised release," thus

rendering him ineligible for FSA time credits.  ECF No. 1 at PageID.5 (quoting 28

C.F.R. § 523.44(a)(2)).

On September 9, 2022, the BOP's Western Region Office received

Villegas-Escobar's appeal of Derr's July 20, 2022 decision via Form BP-10.  ECF

No. 10-2 at PageID.130.  Villegas-Escobar claimed on appeal that his "04/15/2022

Sentence Monitoring Computation Data sheet does not include a note of possible

or final order of deportation.  Additionally, my 04/20/2022 Individualized Needs

Plan—Program Review Detainers section reads 'No Detainer.'"  ECF No. 1 at

PageID.5.  The Western Region Office, however, did not investigate these claims,

but summarily rejected them due to formatting errors.  The Office directed

Villegas-Escobar to resubmit Form BP-10 with his initial Form BP-9 and the

entirety of Derr's response.  ECF No. 10-2 at PageID.130.

On January 10, 2023, the Western Region Office accepted Villegas-

Escobar's second attempted appeal, upon which the Regional Director is expected

to render a final decision.  That is, Villegas-Escobar's BOP appeal is still pending.

If the Regional Director denies Villegas-Escobar's second attempted appeal, he

may file a Form BP-11 appeal with the BOP's Central Office.  *Id*. at PageID.130–

31.  Villegas-Escobar, thus, has not fully exhausted under BOP's Administrate

Remedy Program.  And concerns regarding exhaustion are particularly relevant to

time credits under the First Step Act.  The BOP, not the court, should be given the first opportunity to address Villegas-Escobar's concerns.[4]  *See, e.g.*, *United States v. Bakhtiari*, 2022 WL 1289050, at *1 (N.D. Cal. Apr. 30, 2022) ("The issue hinges on his immigration status.  This order cannot resolve that issue; the BOP must."); *Hanson v. Hendrix*, 2022 WL 4182535, at *2 (D. Or. Sept. 13, 2022) (stating that the exhaustion requirement is particularly well-suited to address issues involving eligibility for First Step Act time credits); *Mohammad v. Thompson*, 2022 WL 4484545, at *3 (E.D. Cal. Sept. 27, 2022) (stating that "these concerns are particularly relevant to the calculation of petitioner's earned time credits pursuant to the First Step Act"); *Herrera v. Jusino*, 2021 WL 6618908, at *4 (C.D. Cal.  Dec. 14, 2021) (similar).

\\

\\

\\

\\

\\

\\

---

[4] Villegas-Escobar filed an opposition to Derr's request for leave to file a surreply, ECF Nos. 10 & 12, and to the court-authorized surreply.  ECF No. 13.  Villegas-Escobar's submissions, however, do not change the court's determination that he has failed to properly exhaust administrative remedies.

## IV.  **CONCLUSION**

For the foregoing reasons, Villegas-Escobar's § 2241 Petition, ECF

No. 1, is DENIED without prejudice to refiling after exhausting appropriate

administrative remedies.  The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 14, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Villegas-Escobar*, Civ. No. 22-00500 JMS, Order Denying Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, for Failure to Exhaust